## JOSEPH NILES *v.* J. B. HOWE.

*Trespass on the Freehold. Local, Transitory Action. Jurisdiction. Motion to Dismiss.* R. L. s. 899.

1. Trespass on the freehold will not lie in this State for a trespass committed on lands in Massachusetts.
2. Objection to the jurisdiction may be raised at any stage of the proceedings by motion to dismiss.

TRESPASS on the freehold. Heard on motion to dismiss, December Term, 1884, WALKER, J., presiding. Motion granted. The docket entries showed that the suit was entered in court at the December Term, 1883, and that the motion to dismiss was made at the December Term, 1884. It appeared by the writ that both the plaintiff and defendant resided in the County of Bennington. The declaration averred that, "said J. B. Howe * * * * at Monroe in the County of Franklin and Commonwealth of Massachusetts, broke and entered the close of the said Joseph Niles, situated, lying, and being in Monroe aforesaid, and with cattle, to wit : ten oxen and cows and other young cattle eat up and depastured the grass," &c., * * * "By means whereof the said Joseph Niles * * * * was deprived of the benefit, profit, and occupation of said close, to wit: at Monroe aforesaid." The defendant moved that the suit be dismissed on the ground that the trespasses mentioned in the declaration were committed in Massachusetts, and therefore not within the jurisdiction of the court.

*Batchelder* & *Bates,* for the plaintiff.

No actions are local unless made so by statute. When the statute is silent recourse must be had to the common law. *University of Vermont* v. *Joslyn*, 21 Vt. 59; *Pierce* v. *Atwood*, 13 Mass. 353. The statute,—R. L. s. 899,—declaring that actions "for trespass on the freehold shall be brought in the county in which the lands lie," does not apply to actions brought to recover for trespasses on lands without this State. The theory and reason for the distinction, formerly maintained, between local and transitory actions, no longer exist, and, therefore, should not be recognized. In the early ages of English jurisprudence, jurors were selected by reason of their acquaintance with the parties and their knowledge of the facts in the case; and so grew up the rule of law, that actions must be brought, not only in the county, but in the very district, where the facts were alleged to have taken place. Another reason was the expense of witnesses. These reasons no longer exist.

When the proceedings are *in rem* and not *in personam*, the action must be local, to the extent that the property must be within the jurisdiction; but in this action the title to the land is not necessarily brought in question;—possession is sufficient. *Hubbard* v. *Foster*, 24 Vt. 542. The defendant cannot be prejudiced; the law of Massachusetts will determine his rights, equally as though the action were tried there. But if the plaintiff fails here he practically has no remedy; and this is a reason why the court should take jurisdiction. Lord MANSFIELD in *Mostyn* v. *Fabrigas*, Cowp. 161; Smith Lead. Cas. 570. The objection should have been raised by plea in abatement. *University of Vermont* v. *Joslyn, supra*.

*O. E. Butterfield*, for the defendant.

Trespass *quare clausum* is a local action, and can only be tried in the State where the close is situated. All actions for injury to real property are local. 3 Bl. Com. 294, 384;

1 Chit. Pl. 268; *Shelling* v. *Farmer*, 1 Str. 646; *Doulson* v. *Matthews*, 4 T. R. 503; *Penn* v. *Lord Baltimore*, 1 Ves. 444; *Watts* v. *Waddle*, 6 Pet. 389; Lord ELLENBOROUGH in *Rex* v. *Johnson*, 6 East, 508; Lord HARDWICK in *Foster* v. *Vassall*, 3 Atk. 589. Trespass on real property in one State cannot be sued for in another State. Story Conf. Law, 448, 453, 466; 2 Kent Com. 463; *Rea* v. *Hayden*, 3 Mass. 24; *Burgess* v. *Gates*, 20 Vt. 326; *Watts* v. *Kinney*, 23 Wend. 484; *Sumner* v. *Finnegan*, 15 Mass. 280. The rule has not been changed by statute. *Hunt* v. *Pownal*, 9 Vt. 411; *June* v. *Conant*, 17 Vt. 656. The action is made local by statute. R. L. s. 899; Sedg. Stat. Law, 195, 264; Pott. Dwarris, 216. The objection could be raised by motion. 1 Chit. Pl. 441: *Osgood* v. *Thurston*, 23 Pick. 110; *Stoughton* v. *Mott*, 13 Vt. 175; *Shepherd* v. *Beede*, 24 Vt. 40; *Thayer* v. *Montgomery*, 26 Vt. 491.

The opinion of the court was delivered by

POWERS, J. This action was brought to the County Court, is between residents of Vermont, and is for a trespass on lands in Massachusetts. Section 899, R. L., declares that actions in the County Court of ejectment and trespass on the freehold shall be brought in the county in which the lands lie. It is argued that this section refers to lands lying in this State; and further, that the distinction existing at common law between local and transitory actions rested upon reasons no longer existing, and should therefore no longer be observed.

Our statute leaves the venue in actions of trespass *quare clausum* as it was at common law. At common law venue was transitory when the cause of action *might have happened* in any county; it was local when it could happen in one county. *only*. An assault *could* happen in any place. The entry upon land could only happen where the land lay. The place of trial in the latter case, therefore, was fixed by the very nature of the injury complained of.

In *Doulson* v. *Matthews*, 4 T. R. 503, which was trespass

for entering the plaintiff's house in Canada, Lord KENYON nonsuited the plaintiff on this count, because the action was local; and BULLER, J., said: "It is now too late for us to inquire whether it was wise and politic to make a distinction between transitory and local actions; it is sufficient for the courts that the law has settled the distinction, and the action of trespass *quare clausum fregit* is local." In *Rafael* v. *Verelst*, 2 Bl. W. 1055, DE GREY, Ch. J., said that as to rights of real property the jurisdiction was local. In *Shelling* v. *Farmer*, 1 Str. 646, the plaintiff, *inter alia*, declaring for a seizure of a house in the East Indies, EYRE, Ch. J., refused to let in evidence respecting the seizure of the house, inasmuch as such cause of action was local. In *McKenna* v. *Fisk*, 1 How. 241, the action was brought in the District of Columbia. One count went for breaking and entering a storehouse in Maryland. The Supreme Court said the evidence offered in support of the count for breaking and entering was not competent; "because the venue is local, and cannot be changed to any other county than where the trespass to the realty was done, and never can be carried out of the sovereignty in which the land is." *See* also *Hurd* v. *Miller*, 1 Hilton, 540; 2 Wat. Tres. s. 985, *n*.

If it was too late in Lord KENYON's time to inquire into the wisdom of the distinction between local and transitory venue, the lapse of near a century has made the inquiry no more opportune; especially, since the courts have been meantime rooting the doctrine deeper and deeper in the law by a uniform course of decision.

The venue in case of crimes is local. It would hardly be claimed that our courts had jurisdiction over a crime committed in another State. And yet the same reasoning that supports the doctrine of local venue applies equally to crimes and real actions. *Rex* v. *Johnson*, 6 East, 583. We hold, therefore, that at common law and under our statute the court below had no jurisdiction of the cause of action declared upon.

Under our practice an objection to the jurisdiction of the court over the subject matter may be raised at any stage of the proceedings, by motion to dismiss. In the case cited by the plaintiff in 21 Vt., the objection made did not affect the jurisdiction of the court.

Judgment affirmed.