(March 27, 1908.)

## FRED J. KIESEL, Respondent, *v.* DAVID BYBEE and EMILY BYBEE, Appellants.

[95 Pac. 20.]

FOREIGN CORPORATION—COMPLIANCE WITH STATUTE BEFORE DOING BUSINESS—PLEADING FAILURE TO COMPLY WITH STATUTE—BURDEN OF PROOF—COMPLIANCE WITH ACT OF MARCH 10, 1903—REPETITION OF ACTS PREVIOUSLY PERFORMED—FINDINGS.

1. Where a complaint is open to demurrer on the ground that the contract sued on was entered into by a foreign corporation, and that the complaint fails to state that the corporation had complied with the constitution and statutes of this state so as to entitle it to do business within the state, and the defendant fails to raise the objection by demurrer, but elects to plead it as an affirmative defense to the plaintiff's right of recovery, the burden of proving such allegation rests upon the defendant. If the defendant would have the burden of proving compliance with the statute rest where it properly belongs, namely, on the plaintiff, he must raise the objection by demurrer and thereby compel the plaintiff to allege and prove such compliance.

2. Where the complaint contains no allegation as to the compliance by a foreign corporation with the constitution and statutes of this state, and the defendant pleads affirmatively in his answer that such corporation had not complied with the law, the burden of proof is on the defendant to show noncompliance, and the finding by the court that the defendant introduced no evidence in the case to show noncompliance on the part of the corporation, is sufficient on that issue to support a judgment in favor of plaintiff.

3. Under the act of March 10, 1903, requiring a foreign corporation doing business in this state to file certified copies of its articles of incorporation and also a designation of an agent upon whom service of process can be had, a foreign corporation that had complied with the law prior to its amendment will be held to have substantially complied with the amendment law if, subsequent to the passage of the act of 1903, it performs all the additional acts and things required by the latter statute that were not required by sec. 2653, Rev. Stat., prior to the amendment.

4. Findings in this case examined and considered, and *held* sufficient to support the judgment.

(Syllabus by the court.)

APPEAL from the District Court of the Sixth Judicial District for the County of Bingham. Hon. J. M. Stevens, Judge.

Action by the plaintiff to recover judgment and decree of foreclosure. Judgment for plaintiff and defendants appeal. *Affirmed.*

Merriman & Wilkins, for Appellants.

Where the statute requires certain acts to be done, before a foreign corporation can be considered *in esse,* the complaint must show that such acts have been done. (1 Estee's Code Pl., 3d ed., p. 202.)

When a foreign corporation comes into court .... the court cannot know of its legal existence. It is a question of fact upon which issue may be taken, evidence may be required in regard to it, .... and therefore upon principle the fact must be pleaded; .... the pleader should show the facts that give the plaintiff a legal existence and in such manner that issue may be taken upon them. (Bliss on Code Pl., 3d ed., secs. 246, 251; *Mullens v. American Freehold Land & N. Co.,* 88 Ala. 280, 7 South. 201; *Christian v. American Freehold L. & N. Co.,* 89 Ala. 198, 7 South. 427; *American Ins. Co. v. Cutler,* 36 Mich. 261; *Conn. Mut. Life Ins. Co. v. Cross,* 18 Wis. 109; *Washington Co. M. I. Co. v. Chamberlain,* 82 Mass. (16 Gray) 165; *Gaines v. Bank,* 12 Ark. (7 Eng.) 769; *Fales v. Mayberry,* Fed. Cas. No. 4622 (2 Gall.) 560.)

These conditions precedent must be pleaded and shown in evidence, otherwise a foreign corporation comes within the inhibition of *Katz v. Herrick,* 12 Ida. 1, 86 Pac. 879, in that it is "doing business without name, identity or legal existence," and is shown by the complaint itself to have no capacity to receive or convey title.

Hasbrouck & St. Clair, for Respondent.

By answering, appellants waived the demurrer. (*Dingle v. Swain,* 15 Colo. 120, 24 Pac. 876; *Clark v. Taylor,* 91 Cal. 552, 27 Pac. 860.)

The question of noncompliance by a foreign corporation is an affirmative defense that must be raised by answer, and, unless the defendant raises the question by demurrer or answer, it is waived. (*Coppedge v. Goetz Brwg. Co.*, 67 Kan. 851, 73 Pac. 908; *Fuller & Co. v. Schrenk*, 171 N. Y. 671, 64 N. E. 1126; *American etc. Shoe Co. v. O'Rourke,* 23 Mont. 530, 59 Pac. 910; *Valley Lumber & Mfg. Co. v. Driessel,* 13 Ida. 662, 93 Pac. 765.)

The copy of articles of incorporation was filed prior to the 1903 amendment, but the law would not require the refiling of something that was already a matter of record and was already on file at the time the law was passed. (*United States Sav. & Loan Co. v. Miller* (Mo.), 47 S. W. 17.)

AILSHIE, C. J.—A motion has been made in this case to dismiss the appeals on the ground that no sufficient undertaking was filed. The appeal was taken from both the judgment and an order denying a motion for a new trial. A new and additional undertaking was filed in this court and approved on January 31st of this year. This undertaking, however, is given only upon the appeal from the judgment. As to that appeal it is specific and sufficient. There being no undertaking, however, on the appeal from the order denying a motion for a new trial, that appeal must be dismissed, and it is so ordered.

This leaves the case here on an appeal from the judgment alone. On this appeal we cannot examine the evidence for the purpose of determining its sufficiency to support the findings. It is urged by appellants that the findings are not sufficient to support the judgment. The principal point argued is as to the compliance by plaintiff's assignor, the Western Loan & Savings Company, a foreign corporation, with the foreign corporation laws of this state. The plaintiff alleged in his complaint that he purchased the note and mortgage sued on from the Western Loan & Savings Company, the payee named therein, and that his assignor was at all the times mentioned in the complaint a foreign corporation organized and existing under the laws of the state of Utah and doing business in the state of Idaho in its corporate

name. The complaint, on the other hand, contained no allegation whatever as to the compliance by this foreign corporation with the laws of this state in order to entitle it to do business within the state. The defendant filed a general demurrer to the complaint, but there does not seem to have been any ruling by the court on that demurrer, and it was apparently waived by defendants who answered the complaint. By the answer the defendants admitted that the Western Loan & Savings Company was a foreign corporation organized and existing under the laws of the state of Utah and doing business in Idaho. Defendants then alleged that the Western Loan & Savings Company, a foreign corporation, had failed and neglected to comply with the constitution and statutes of this state, and that it failed and neglected to file certified copies of its articles of incorporation and designate a statutory agent on whom service of process could be made as provided by act of March 10, 1903 (Sess. Laws 1903, p. 49). After the evidence was all in and the case was finally submitted, the court made his findings of fact and conclusions of law and entered judgment in favor of the plaintiff.

By paragraph 1 of the findings the court finds "that the allegations set forth in said plaintiff's complaint are true and correct, and that the allegations set forth in the answer and cross-complaint of the defendants are not true."

By paragraphs 2 and 3 thereof, the court finds the facts relative to the execution of the note and mortgage and the amount due thereon. In paragraph 4, "The court further finds that the defendants have offered no evidence in this action to show that the Western Loan & Savings Company, a Utah corporation, has not filed designation of agent and copies of its articles of incorporation as required by sec. 2653 of the Revised Statutes of the state of Idaho, as amended by act of March 10, 1903." In that paragraph the court proceeds to specifically find that the corporation at all times had a principal place of business within this state and an agent upon whom process could be served, and that it had complied with the requirements of sec. 10, art. 11 of the constitution, and that on October 10, 1896, it filed in the office of the clerk of

the district court of Ada county, and also with the secretary of state of the state of Idaho, a designation in writing of Ada county as its principal place of business, and a written designation of a resident citizen of Ada county as agent of the corporation on whom process might be served. The court also finds that on October 10, 1896, said corporation filed in the office of the secretary of state of the state of Idaho a certificate of its incorporation duly certified by the secretary of state of the territory of Utah, and that afterward, and on December 6, 1904, the corporation filed in the office of the recorder of Ada county and also in the office of the secretary of state a duly certified copy of its articles of incorporation, and that on the same date the secretary of state issued to the corporation a certificate to the effect that it had fully complied with sec. 10, art. 11 of the constitution, and with sec. 2653, Rev. Stat., as amended by act of March 10, 1903.

In paragraph 1 of the conclusions of law, the court concludes as follows: ''That the plaintiff's assignors, the Western Loan & Savings Company, a Utah corporation, had, at the time of the execution and delivery of the note and mortgage set forth and described in plaintiff's complaint, fully complied with the constitution and laws of the state of Idaho relating to foreign corporations, and was then, and is now, entitled to do business in this state.''

The foregoing cover all the findings and conclusions concerning the compliance with the constitution and laws of this state by plaintiff's assignor, the Western Loan & Savings Company. The first proposition advanced by appellants on this point is that under the decisions of this court with reference to foreign corporations, and particularly in the case of *Valley Lumber & Mfg. Co. v. Driessel*, 13 Ida. 662, 93 Pac. 771, the burden of proving compliance with the laws of this state rested upon the plaintiff. That contention requires some consideration. In the Driessel case this court held that a complaint by a foreign corporation that failed to allege that the corporation had complied with the constitution and laws of this state was open to demurrer, and that if the question was not raised by demurrer, that the defendant might

raise it by answer; but that if it was not raised by demurrer or answer, it was waived. If the defendant had raised the question of the capacity of plaintiff's assignor, the Western Loan & Savings Company, to transact the business out of which this contract arose, and to enforce which this action was brought, then it would have been incumbent on the plaintiff to allege such fact, and consequently the burden of proving that fact would have also rested upon the plaintiff. Defendants did not see fit to raise the question in that way. They rather elected to raise the question of compliance by an affirmative allegation in their separate defense. By pursuing this method of raising the question of the corporation's compliance with the statute, the defendants necessarily assumed the burden of proving that fact. It is true that ordinarily a litigant does not assume the burden of proving a negative, but here the defendants did not see fit to raise the question so as to throw the burden where it properly rested, upon the plaintiff, but rather assumed to plead the negative of those facts as an affirmative defense. They therefore assumed the burden and responsibility of proving the allegations of their answer. In this view of the case and condition of the pleadings, the question now arises as to whether the findings made by the court as hereinbefore recited are sufficient to support a judgment in favor of plaintiff.

We think it is clear that the findings in this respect support the judgment. The court finds that the defendants "offered no evidence in this case to show that the Western Loan & Savings Company has not filed designation of agent," etc., as required by the constitution and statute. In addition to this finding the court further finds that the corporation had complied with the statute, although that finding is among the conclusions of law. The court might have rested with the finding that defendants had offered no evidence to show that the corporation had not complied with the law. It is urged by appellants that a filing of articles of designation of an agent made by the corporation prior to the act of March 10, 1903, would not answer for the discharge of a duty of the same nature required by the latter act. We do not think this posi-

tion is well founded. The statute of 1903 requires a series of acts to be performed by a foreign corporation in order to entitle it to do business in this state. Some of the specific acts in that series of acts are substantially the same as certain acts required by sec. 2653, Rev. Stat., before the amendment. Now we can see no necessity for a corporation that is attempting to comply with the statute of 1903, performing any of the specific acts that it had already performed prior to the passage of the act. It would only be necessary for such a corporation to comply with the additional requirements imposed upon it by the act of 1903, so that all the acts required by the latter statute would be complied with and performed either by the things done prior to the passage of the act, or those done subsequent to the passage of the act, or by both taken together. What the statute is most particular about is that all these acts shall be performed and duties complied with by a foreign corporation before it does business within this state.

This view of a similar statute was taken by the court of chancery appeals of Tennessee in *United States Sav. & Loan Co. v. Miller*, 47 S. W. 17, wherein the Tennessee court said: "Acts 1895, c. 81, requiring a foreign corporation to file copy of its charter with the secretary of state, is complied with where such charter has been on file with the secretary of state for some years prior to the passage of the act."

The question as to the compliance of this foreign corporation with the laws of this state so as to entitle it to do business in the state seems to be the only point raised that can be considered on this appeal from the judgment. Having determined that question adversely to the contention of appellants, it follows that the judgment must be affirmed, and it is so ordered, with costs in favor of respondents.

Sullivan, J., and Stewart, J., concur.