## HESS v. UDY et al.

No. 3388.   Decided November 13, 1919.   (185 Pac. 367.)

1. ANIMALS—RESTRAINT AND DISPOSITION OF FOR TRESPASS. Laws providing for the restraint, sale, or disposal of animals for trespass and damage must be strictly followed.[1] (Page 248.)

2. ANIMALS—DELIVERY OF TRESPASSING ANIMALS TO POUNDKEEPER OF PRECINCT. Particularly in view of the alternative remedy given by Comp. Laws 1917, section 58, delivery of trespassing pigs by a landowner in F. precinct to the constable as ex officio poundkeeper in G. precinct was not a compliance with section 59, providing that the landowner who distrains trespassing animals shall deliver them within twenty-four hours "to the poundkeeper of the precinct," meaning the poundkeeper of the precinct in which the trespass was committed, and so rendered the landowner liable for conversion. (Page 251.)

Appeal from District Court, First District, Box Elder County; *J. D. Call*, Judge.

Action by Charles C. Hess against Hyrum Udy and W. A. Adams.

From judgment for plaintiff against defendant Udy, the latter appeals.

AFFIRMED.

*Le Roy B. Young*, of Brigham, for appellant.

*W. J. Lowe*, of Brigham, for respondent.

THURMAN, J.

This is an action for the conversion of two pigs alleged to be of the value of fifty dollars.

Plaintiff's ownership of the pigs at and prior to the date of

[1] Citing *Nielsen* v. *Hyland*, 51 Utah, 334, 170 Pac. 778.

the alleged conversion is admitted by defendant, but defendant attempts to justify the taking under the provisions of Comp. Laws Utah 1917, title 3, chapter 1, relating to estrays and trespassing animals. The trial court found the issues in favor of the plaintiff and against the defendant Udy. Judgment was entered accordingly. Defendant appeals on the judgment roll.

The defendant was the owner of land with crops growing thereon, in Fielding precinct, Box Elder county, and at the time of the wrongs complained of by plaintiff said pigs were found trespassing and doing damage upon said land. There being no poundkeeper in Fielding precinct, the defendant restrained the animals, and within twenty-four hours thereafter delivered them to the other defendant, W. A. Adams, poundkeeper of East Garland precinct of the same county. At the time of delivering the animals the defendant also delivered to the poundkeeper a certificate of appraisement of damage, as required by the statute, to which reference will be made. The animals were thereafter advertised and sold by the poundkeeper and the proceeds devoted to payment of the damages, costs, and expenses incurred, and the balance tendered to plaintiff and refused. The foregoing are the material facts found by the court.

Numerous errors are assigned by appellant, but the controlling question, and the only one that need be considered here, is: Did the poundkeeper of East Garland precinct have jurisdiction as poundkeeper to receive, hold, and dispose of animals for trespass committed on land and growing crops in Fielding precinct? If, under the circumstances named, the poundkeeper of East Garland precinct was without jurisdiction, the entire proceeding was unlawful, and the judgment of the trial court should be affirmed.

The doctrine is well established, if not elementary, that laws providing for the restraint, sale, or disposal of animals for trespass and damage must be strictly followed. We so held in a recent case decided by this court. *Nielsen* v. *Hyland*, 51 Utah 334, 170 Pac. 778. We have no reason to doubt that the doctrine therein enunciated is sustained by practically every well-considered case that has arisen in other

jurisdictions of the country.  3 C. J. 82; 1 R. C. L. 1143-1145; *Barrett* v. *Lightfoot,* 1 T. B. Mon. (Ky.) 241, 15 Am. Dec. 110; *Newsom* v. *Hart,* 14 Mich. 235; *Weber* v. *Hartman,* 7 Colo. 13, 1 Pac. 230, 49 Am. Rep. 339; *Havaird* v. *Lung,* 19 Idaho, 790, 115 Pac. 930; *Mills* v. *Fortune,* 14 N. D. 460, 105 N. W. 235; 2 Cyc. 362d.

Comp. Laws Utah 1917, as far as material, provide:

Sec. 50.  "The constable in each precinct in this state is hereby made ex officio the poundkeeper in such precinct, and is entitled to and is hereby made the custodian of all brand books and brand sheets pertaining thereto, which shall, at all reasonable hours, and without charge, be open to the inspection of the public."

Sec. 59.  "The owner or occupant of any property may distrain all of said animals, trespassing or doing damage thereon.  He shall, within twenty-four hours thereafter, deliver said animals to the poundkeeper of the precinct, together with a certificate of the appraisement of the damage done by such animals."

These are the controlling provisions in this particular case. Other provisions of the statute have more or less bearing, but they are not of sufficient importance to justify special consideration.  The question is, Was a delivery of the animals to the poundkeeper of East Garland precinct for damages done in Fielding precinct a compliance with the provisions of section 59, supra?  The effect of appellant's contention is that the words "the poundkeeper of the precinct," in section 59, should be construed as if they read "the poundkeeper of *any* precinct."  (Italics ours.)  If such were a correct interpretation of the statute, any poundkeeper in the state would have jurisdiction to receive and impound animals in any case, irrespective of the precinct in which the trespass was committed. Animals committing trespass in St. George precinct, near the south boundary line of the state, could be legally impounded in Logan precinct, near the north boundary line, and vice versa.

If there is any one thing more than another which tends to vex and harass the farmer or gardener, or to inflame his soul with an incurable resentment, it is to be subjected to the ravages of trespassing animals upon his growing crops.  We are willing to concede that such an interpretation of the statute as appellant contends for would afford a splendid opportunity to

the person injured by trespassing animals to wreak a summary vengeance, and thus to some extent appease his wrath and mollify his resentment. The injured party might well afford, especially in the case of animals habitually trespassing, to drive them once for all to the remotest precinct in the state, and there turn them over to the precinct poundkeeper, leaving the owner of the animals to look after their future. It may be said that this is a far-fetched illustration. So it is. Such a case would probably never happen even if appellant's interpretation of the statute were adopted, but it could happen, and the purpose of the illustration is to demonstrate that appellant's interpretation is unreasonable and unwarranted, even if the words of the statute did not preclude such interpretation. That the words "the poundkeeper of the precinct," in section 59, mean the poundkeeper of the precinct in which the trespass was committed we have no doubt whatever. It follows as a corollary from these conclusions that the poundkeeper of East Garland precinct had no authority to receive and impound the animals in question, and that the trial court was right in holding that the proceeding was unlawful.

Before concluding these remarks, without impropriety we may suggest that section 58 of the statutes heretofore referred to gives to the party injured by trespassing animals a remedy by action at law for damages, in which case it is provided that the animals trespassing shall not be exempt from execution. The instant case illustrates the wisdom of the Legislature in providing an efficient alternative remedy that can be resorted to at the option of the party injured. The defendant's error of judgment in the present case in electing to pursue the remedy he did, when there was no poundkeeper in the precinct where the trespass was committed, instead of prosecuting an action at law for damages, subjected himself to a hardship for which the law affords him no relief.

For the reason stated, the judgment is affirmed, at appellant's cost.

CORFMAN, C. J., and FRICK and WEBER, JJ., concur.

GIDEON, J. I concur in the order affirming the judgment.