MARYLAND MOTOR CAR INSURANCE COMPANY v. NEWELL

CONTRACTING COMPANY.

Opinion delivered January 8, 1923.

1. ARBITRATION AND AWARD—JURY QUESTION.—In an action at law by an owner of property damaged by fire against an insurance company on an alleged award of arbitrators, where an agreement between the property owner and the insurer provided that an award in writing by two of the three arbitrators shall determine the amount of such loss or damage, and an oral agreement as to the amount was made by two of the arbitrators, but

was not reduced to writing, submission to the jury of the question whether an award had been made was error.

2. ARBITRATION AND AWARD—COMPLIANCE WITH AGREEMENT.— Awards, to be binding, must comply with the agreement of submission.

3. ARBITRATION AND AWARD—JURY QUESTION.—In an action by the owner of property damaged by fire against an insurer on an award of arbitrators, where the agreement for submission provided that the award of the arbitrators should be in writing, and an award was agreed upon by one of the arbitrators and the umpire but was never reduced to writing, and a subsequent award was made by a substituted umpire and one of the arbitrators, whether the last award conformed to the submission agreement *held* for the jury.

Appeal from Crittenden Circuit Court; *J. M. Futrell,* Judge; reversed.

*Hughes & Hughes* and *R. L. Bartels,* for appellant.

An award must conform in form and substance to the requirements of the agreement for submission to arbitration or appraisal. 26 C. J. 423; 5 Ib. p. 124; § 2911, Morse on Arbitration and Award, p. 259. To be valid, the award must have stated the sound value of the truck immediately preceding the fire. 125 Fed. 589. The agreement requiring the award to be in writing, an oral award is of no effect. 5 C. J. p. 114, § 262; p. 117, § 269; 169 Ill. App. 63. A majority of the arbitrators must join in the award. 5 C. J. 112, § 259; 4 Sneed (Tenn.) 261. The umpire did not examine the burned car, and this failure rendered any award void. 92 Tenn. 397. The power of arbitrators to name an umpire is not exhausted by a single nomination, if the nominee fails or refuses to act. Morse on Arbitration and Award p. 245; 188 Pac. 718. The selection of an umpire was to be made by the arbitrators, and not the parties. 5 C. J. p. 106, § 234. The award made by the substituted umpire complied with the agreement, and it was error to render judgment on the award of the first umpire which was not in compliance with the agreement.

*Appellee pro se.*

The findings of a jury, if based upon substantial evidence, are conclusive. 103 Ark. 4; 89 Ark. 321; 102 Ark. 200. Where the testimony was conflicting, the issues on appeal will be treated as settled by the verdict. 101 Ark. 90; 103 Ark. 538; 86 Ark. 603; 84 Ark. 74.

HUMPHREYS, J. This suit was instituted in the Crittenden Circuit Court by appellee against appellant to recover $1,675 upon an alleged arbitration and award for damages to an automobile truck caused by fire. Appellant and appellee entered into an insurance contract whereby the automobile truck of appellee was insured against fire. The truck was damaged by fire, and the insurer and insured entered into an agreement for an appraisal of the damage which contained the following provision:

"And whereas said policy contains the following condition (clause 14): '14. In the event of disagreement as to the amount of loss or damage, the same shall be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire; the appraisers together then shall estimate and appraise the loss, stating separately sound value and damage, and, failing to agree, shall submit their differences to the umpire; and the award, in writing, of any two shall determine the amount of such loss or damage. * * *

"Therefore, in compliance with the conditions above set forth, the parties hereto having disagreed as to the amount of said loss, the said insured does hereby select M. L. Aldridge and the said company does hereby select J. K. Dobbs as competent and disinterested appraisers to estimate and appraise the sound value and damage to said described property."

The appraisers disagreed as to the damage occasioned by the fire, and submitted their differences to Phil Wilenzick, who was selected by them as umpire. They

agreed to abide by the umpire's decision, after which each made a statement of the sound value of the truck and the damage done to it by the fire. Thereupon the umpire ascertained the original cost of the truck, and stated he would assess the damage at fifty per cent. of the cost price. A written award to that effect was offered to the umpire by J. K. Dobbs, and when he started to sign it Dobbs withdrew it and asked him to consider the matter until the following morning, at which time they would see him again. He was not to be found next morning. W. W. Harris was then selected as an umpire, and his name was substituted in the written appointment for that of Phil Wilenzick. He qualified, and joined J. K. Dobbs in a written appraisal of $750, which was declined by appellee. The testimony introduced by appellee tended to show that M. L. Aldridge did not agree to the selection of W. W. Harris as umpire or participate in the Harris appraisal.

Over the objection and exception of appellant, the court submitted the cause to the jury upon the sole issue of whether an award was made by Phil Wilenzick, who had been selected by both parties as umpire. The agreement for an appraisal provided that the award should be in writing, signed by any two appraisers. The Wilenzick award failed to comply with these requirements. In fact, the record is silent as to whether two of them orally agreed to said award. It seems that, after Wilenzick orally announced his decision, the matter was postponed until the following morning for further consideration. They failed to get together again, and there was no final award, in writing, in which two of them concurred. Awards, in order to be binding, must comply with the agreement of submission. 5 C. J., 112, § 259; p. 114, § 262; p. 117, § 269. The undisputed facts showed that the Wilenzick award was not final and complete, hence it was error to submit that issue to the jury for determination.

According to the testimony introduced by appellant, W. W. Harris was substituted as umpire when Wilenzick failed to appear, and a written award was made by him and J. K. Dobbs, in which M. L. Aldridge participated.

According to the testimony introduced by appellee, M. L. Aldridge did not participate in the Harris award. The issue of whether the Harris award conformed to the submission agreement of appraisal should have been submitted to the jury for determination.

The judgment is reversed and cause remanded for a new trial.