Maryland Motor Car Insurance Company *v.* Newell

Contracting Company.

Opinion delivered April 20, 1925.

1. Insurance—evidence of damage.—In an action on a fire policy insuring a motor truck, where there was an issue as to whether in fact an award of damages had been made, it was not error to admit evidence of damage, as against the objection that it impeached the award.

2. Insurance—award—finding.—In an action on a fire policy on a truck where an award relied on by defendant was denied to have been authorized, evidence *held* to sustain finding that the award was not binding.

Appeal from Crittenden Circuit Court; *G. E. Keck,* Judge; affirmed.

*Hughes & Hughes* and *R. L. Bartels,* for appellant.
*Scott & Burnett,* for appellee.

Smith, J. This is the second appeal in this case, the opinion on the first appeal being found in 156 Ark. 424. The suit was brought on a fire insurance policy issued by the defendant insurance company to recover the

damage by fire to an automobile truck owned by the plaintiff.

As appears from the former opinion, the suit was brought on the theory that there had been an arbitration of the damages and an award fixing the loss at $1,675.

It appears that the plaintiff had selected M. L. Aldridge as his representative, and the insurance company had selected J. K. Dobbs to represent it, and that, in the agreement for the arbitration, the name of Phil Wilenzick had been inserted as the umpire. At the first trial the court, over the objection of the defendant, submitted the cause to the jury on the sole issue whether an award was made by Wilenzick, who had been selected by both parties as umpire. We there said that the agreement for the appraisal provided that the award should be in writing and signed by any two of the appraisers, and that, as the Wilenzick award failed to comply with this requirement, it was error to submit the question whether there had been an award in which Wilenzick participated.

It was the contention of the insurance company that W. W. Harris had been substituted as umpire for Wilenzick, and that there had been a written award made by Harris, in which Aldridge and Dobbs had participated, and we said the issue whether the Harris award conformed to the submission agreement should have been submitted to the jury.

Upon the remand of the cause the plaintiff elected to abandon the allegation of the complaint that there had been an award, and sued directly on the policy, and the court treated the complaint as being so amended. The defendant objected to this change in the plaintiff's cause of action, but the objection does not appear to have been based on the ground of surprise.

The policy was for $2,500, and there was testimony legally sufficient to support the verdict of the jury that the damage by fire was as much as $2,000, for which

amount the jury returned a verdict, and from the judgment pronounced thereon is this appeal.

The testimony on behalf of the insurance company was to the effect that the Wilenzick award was never completed, and, by consent of both Aldridge and Dobbs, Harris was selected as umpire. According to appellant, Aldridge suggested Harris as the third man, and the suggestion was accepted by Dobbs, and the name of Wilenzick was stricken from the agreement and that of Harris was inserted. The testimony on behalf of appellant is to the further effect that N. A. Carter, a mechanic, was employed to inspect the car and to estimate the damages to the various parts thereof, and, according to Carter's estimate, the damage was $650, but, when Aldridge dissented, $100 was added, and an award was drawn up in the sum of $750, which was signed by Dobbs and Harris.

If the facts thus stated were undisputed, there would be nothing to this lawsuit. The insurance company would have been entitled to have the court instruct the jury to return a verdict in the plaintiff's favor for $750, the amount for which the insurance company offered to confess judgment.

The defendant objected to much of the testimony offered by the plaintiff, and especially to that tending to show the extent of the damage, this being done on the theory that the award could not be thus impeached. The defendant also excepted to the refusal of the court to instruct the jury that the award was presumptively valid, and that the award, valid upon its face, and presumptively good, could not be impeached except by testimony that was clear and convincing.

We think no error was committed in admitting the testimony objected to, and in refusing the requested instruction, for the reason that the sole question in issue, aside from the damages, was whether there had in fact been an award.

Upon this issue the cause was submitted to the jury under an instruction reading as follows: "If you find from the evidence in the case that the appraisers selected by the parties, namely, J. K. Dobbs and M. L. Aldridge, agreed upon and selected W. W. Harris to act as umpire, and if you further find that any two of the three parties named, that is, J. K. Dobbs, M. L. Aldridge and W. W. Harris, made an award in writing by which the amount of damage of the car was determined, you should find that that is the amount for which the plaintiff is entitled to a verdict in this case."

In another instruction the court told the jury that, although Aldridge did not participate in the selection of Harris as umpire, yet "if, after Harris began to act as such umpire, Aldridge and Dobbs acquiesced and concurred in his acting as such, and proceeded with the appraisement, participating and concurring in same, and recognized him as the duly acting umpire, then in that event Harris would be authorized to act as such umpire the same as if he had been duly appointed before he began to act."

Defendant could not ask that the issue be submitted under more favorable instructions.

Aldridge testified that he participated in only one arbitration, and that was the one in which Wilenzick participated. The plaintiff undertook to prove by this witness that an award was arrived at under the first submission, but that it was not signed by himself and Wilenzick because Dobbs was not satisfied with the award. This testimony was excluded by the court, and the witness was not permitted to testify that an award had been made in which Wilenzick participated, because, under the decision of this court on the former appeal, that award was not according to the agreement for the arbitration.

But the witness did testify that he did not agree to the selection of Harris as umpire; that he and Dobbs signed the agreement naming Wilenzick as umpire, and

that, after he had signed this agreement, Dobbs drew a pen through the name of Wilenzick and inserted that of Harris, but that this was done without his consent. He admitted that Dobbs asked him to name a good man, and that he suggested the name of Harris, and was present when the truck was examined and the damage figured up, but he testified that he was never a party to this arbitration, and that he assigned then as his reason for refusing to participate the fact that the matter had already been arbitrated.

Under the conflict in the testimony the court was correct in holding that the award signed by Dobbs and Harris was not conclusive and binding, and the question whether Harris had been selected was properly submitted to the jury, and the testimony of Aldridge, if credited, is sufficient to support the finding of the jury that Harris had never been selected as umpire, and, if this is true, there was, of course, no award.

No error appears, and the judgment is affirmed.