(No. 7232.   April 25, 1945.)

SOUTHEAST SECURITIES COMPANY, a corporation, Appellant, v. MARLIN E. CHRISTENSEN and JESS PALMER, Respondents.

[158 P. (2d) 315.]

234

F. E. Tydeman for appellant.

P. C. O'Malley for respondents.

AILSHIE, C.J.—This is an action for damages for wrongfully taking and converting to respondents' use nineteen hogs owned by appellant corporation.

In March, 1944, the hogs were kept "on the farm (appellant's,) at McCammon". After the tenant left the farm, Mrs. Bean, with the assistance of another woman, was taking care of the hogs. About March 24th, Mrs. Bean saw respondent, Christensen, nextdoor neighbor, who told her he had the hogs; that "they went through the fence into his field." The second time she went down, saw the hogs "and offered to pay for the feed and labor what he was out for taking care of them." She "refused to pay him six hundred dollars for damages" asked for by Mr. Christensen.

April first, a letter was addressed to Mrs. Bean by Attorney McDermott, informing her of damage caused respondent Christensen, through her negligence, and notifying her of pending damage suit for $555 caused by her "livestock to his ditches, hay and other property." An answer to this letter was written by Mr. Tydeman, as attorney for Mrs. Bean, April 5th, notifying McDermott of her attempt to secure a place for the hogs; that, if they caused any damage, "it will be necessary for us to take the statutory steps for arbitration." (Sec. 24-1804, I.C.A.) Thereafter arbitrators were selected by the parties and, April 24, '44, a statement signed by E. Grant Shumway, defendants' arbitrator, fixing the amount of damages, costs of feeding and caring for the animals, was served on Mr. Tydeman, in words as follows:

"We the undersigned, selected as the arbitrators between Marlin E. Christensen, and Nellie Bean, to fix damages caused by the hogs that is owned by Nellie Bean, that was running at large on the premises of Melvin E. Christensen, and which was taken up and penned by the said Marline E. Christensen in the Precinct of McCammon. Bannock County, Idaho, having viewed the premises of Marlin E.

Christensen, and observed the hogs penned up by him and after consulting both parties to the controversy, find the following facts and fix the following amounts as the damage, and cost of feeding and careing for the said animals:

Dated Hogs were penned up by Christensen: March 24, 1944

No. of hogs confined  19 head at .50 per $9.50 penning up Damages;

We find these hogs have damaged Marlin E. Christensens hay crop to the extent that he has to harrow level and plant 1/3 or better of this 7 acre field.

| | |
|---|---|
| loss of 1/3 or better of hay crop, | $62.50 |
| seed for replanting, | 13.00 |
| Work to replant | 20.00 |
| Cost of feed.  $2.00 a day, 26 days, | 52.00 |
| .50c per day | |
| Labor for feeding and careing for said hogs. | $13.00 |

Dated this 19 day of April, 1944.

E. Grant Shumway
Arbitrator for Christensen
Residence McCammon, Idaho

E. Grant Shumway
Arbitrators Fees   $5.00

Arbitrator for Mrs. Nellie Bean.
Residence McCammon, Idaho

Mrs. Bean was at Christensens farm but did not consult us about this matter."

The total damages assessed by defendants' arbitrator amounted to $160.50.  The arbitrator for Mrs. Bean (supposedly, L. A. Whiting of McCammon) did not sign the above statement or award.  It is stated by appellant's counsel, and is apparent, that the arbitrators did not agree on the amount.

April 28, 1944, a complaint was filed in the Probate court by appellant, praying for trial of the cause, for entry of judgment, that defendant suffered no damage by reason of alleged trespass of hogs, and that they be returned to plaintiff.  On the same day undertaking on appeal was filed with the clerk of the Probate court.  September 18th

defendants' answer was filed, alleging that the hogs had been taken up and impounded, under the provisions of sec. 24-1801 to 24-1805, inclusive; that they had been sold under legal procedure for trespass, about May 8, '44; that Mrs. Bean failed to claim the hogs or settle for damage or pay for their keep; that she failed to take any action on the award made by the arbitrators for more than five days thereafter; that defendant, pursuant to sec. 24-1805, I.C.A., had turned the hogs over to a deputy sheriff who levied upon and sold them April 26, '44. In the answer, defendants' attorney denied that plaintiff is a legal corporation with any right to file such action; that Mrs. Bean is "the President, Manager and sole owner of the said corporation, and sole owner of said hogs". The complete file from the Probate court was admitted on the trial in the District court but it was agreed that there had never been any hearing in the Probate court.

Complaint in the District court, filed April 28, 1944, by plaintiff, alleged "That on the 26th day of April, 1944, at McCammon, Idaho, the defendants unlawfully levied on and advertised the said hogs for sale at public auction and claimed that the said hogs belonged to the defendant Marlin E. Christensen", etc., and prayed for damages against defendants in the sum of $600. Demurrer to the complaint was filed May 5, 1944. The court's memorandum decision was filed June 22d, to the effect that the complaint be held sufficient; and the demurrer was overruled. A lengthy answer and affirmative defense was filed by defendants, praying for dismissal of the action. As to the sale, the answer alleges:

"after proper advertising as is provided for under Chapter 18, Title 24, I.C.A., and after more than 30 days had elapsed after the date of the posting of notices, and the title of said hogs has passed to Marlin E. Christensen, the said hogs were sold at public auction, to the highest bidder; that the said Nellie Bean President of said corporation plaintiff, had full knowledge of every step of the proceedings, and failed refused and neglected to pay the damage and keep of said hogs, and that they had to be sold to terminate the cost of their keep; defendants allege that said hogs did not have the value of $600.00 or any other value over $200.00. The highest bid made for said hogs."

In his opening statement on the district court trial, counsel for plaintiff stated:

"We intend to prove that the defendants, although they attempted to sell these hogs under the law and statute that gives a person the right to take up hogs if they get on your land, and sell them, that it's necessary in order to do that that they comply with certain legal requirements that are set out by the statute of Idaho, and that unless they do comply with the law and all of the requirements of it, then they have wrongfully took the property and are liable for its damages—for whatever damages they cause by reason of taking the hogs."

The cause was called for trial in the district court September 21, 1944, before Judge Taylor, of the Ninth Judicial District, and a jury, the case being referred to Judge Taylor by Judge McDougall "for trial and disposition thereof".

At the close of plaintiff's evidence, counsel for defendants moved for a nonsuit and for dismissal of the action, which motions were granted. Judgment of nonsuit was entered and the cause was dismissed, from which judgment the plaintiff appeals.

This appeal presents but one essential question, namely: Did the trial court err in sustaining the motion for a nonsuit? The motion was made on the grounds of insufficiency of the evidence to support a verdict and judgment.

The rule is well established, that a motion for nonsuit, on the grounds of insufficiency of the evidence, *must specify the particular in which the evidence is insufficient.* (*Mole v. Payne*, 39 Ida. 247, 253, 227 P. 23; *Thompson v. Walker*, 56 Ida. 461, 463, 55 P. (2d) 1300; *Pilmer v. Boise Traction Co., Ltd.*, 14 Ida. 327, 338, 94 P. 432; Secs. 7-503, 7-705, subd. 5, I.C.A.)

The motion for nonsuit in this case failed to meet the requirements of the foregoing rule, in not stating the particulars in which the evidence was deemed to be insufficient.

The motion should have been denied on the foregoing grounds. The reason for requiring the motion to specify a particular insufficiency of evidence is to enable the plaintiff to supply the defect if he has the evidence avail-

able to do so. By so doing, he might very well avoid a mistrial or a reversal of the judgment and, at the same time, attain the ends of substantial justice.

█ Here both parties admitted that the original title to the hogs in question was vested in the plaintiff, so there is no issue over the ownership of the property in the first instance. Defendant, however, seems to rely on the defense that the question of damages had been arbitrated in accordance with the provisions of chapter 18, Title 24, I.C.A.; and that, under the proceedings taken in accordance with the statute, the hogs were sold by the constable and title passed from the plaintiff to the purchaser at the sale. In order to sustain such a defense, the burden rested on the defendant who pleaded it to prove it; it was not incumbent on the plaintiff to prove a negative. The burden of proof was on the defendant to establish his defense.

█ In the case of *Later v. Haywood*, 12 Ida. 78, 85 P. 494, this court said:

"On a motion by the defendant for nonsuit after the plaintiff has introduced his evidence and rested his case, the defendant must be deemed to have admitted all the facts of which there is any evidence, and all the facts which the evidence tends to prove."

See, also *Miller v. Gooding Highway Dist.*, 55 Ida. 258, 262, 41 P. (2d) 625; *Finlayson v. Waller*, 64 Ida. 618, 134 P. (2d) 1069, 1071; *Kiesel v. Bybee*, 14 Ida. 670, 675, 95 P. 20.)

█ In the case of *Woodruff v. Butte & Market Lake Canal Co.*, 64 Ida. 735, 740, 137 P. (2d) 325, this court said:

" 'The rule that the party who is seeking affirmative relief has the burden of proof is one which necessarily underlies all our procedure.' And that is the general rule. (C.J.S. 31, sec. 104, p. 710; 20 Am. Jur., sec. 135, p. 138.)"

In *Piland v. Craig* (Okla.), 154 P. (2d) 583, 585, the court said:

"Under the general rule of procedure, where the defense to an action is of an affirmative nature, the defendant becomes the proponent, and has the burden to bear, has the onus of proof as in a new cause of action."

■ The pendency of arbitration proceedings, under statute (sec. 24-1804, I.C.A.) is not a bar to the present action for conversion. However, if sustained by defendant's proofs, it might be ground for abatement of the action in conversion, pending full compliance with the statute fixing the amount of damages. (*Fall Creek Sheep Co. v. Walton*, 24 Ida. 760, 772-773, 778-779, 136 P. 438.)

The supreme court of New Mexico, in *Tondre v. Garcia*, 45. N.M. 433, 116 P. (2d) 584, said:

"A 'plea of another action pending' is a 'plea in abatement', and it was 'waived' by failure to present it before answer."

In the case of *Allin v. Connecticut River Lumber Co.*, 150 Mass. 560, 23 N.E. 581, 6 L.R.A. 416, the court said: ". . . . whether the answer is in abatement, must depend upon the substance, and not upon the form of it."

See, also, 41 Am. Jur., sec. 124, p. 376.

In the case of *David v. David*, 161 Md. 532, 157 A. 755, 81 A.L.R. 1100, 1102, the court said:

"The distinction between a plea in abatement and a plea in bar is that the former delays the suit, while the latter destroys the cause of action. It is said, generally, that a plea in abatement, to be good, must tender a better writ, but a plea in bar denies that the writ should have issued at all. A plea, therefore, which sets up matter which has in law merely the effect of postponing the enforcement of the right alleged in the declaration is necessarily in abatement, because it does not destroy, but only suspends the right of action, but one which alleges facts which negative the existence of any right of action must be in bar."

■ It is well to here observe that the findings, conclusion and report of *one only* of a board of arbitrators, consisting of two or more members, does not constitute an arbitration and, in the meaning of the law, is not a compliance therewith unless joined in by a majority of such board. (*Shepard v. Springfield Fire and Marine Ins. Co.*, 41 R.I. 403, 104 A. 18, 22; *State v. Gurnee*, 14 Kan. 111, 124, 27 P. Sts. 93, 102; *Maryland Motor Car Ins. Co. v. Newell Const. Co.*, 156 Ark. 424, 246 S.W. 468; 5 C.J., sec. 269, p. 117; 6 C.J.S., sec. 75, p. 214, n. 15.)

■ Respondents' contention, that Nellie Bean was the owner of the hogs by reason of the fact that she owned and controlled the appellant corporation, is thought to be without merit. The fact, that an individual owns the controlling interest in a corporation, does not affect the corporation's right to maintain an action for protection or recovery of its property, even though it inures to the benefit of the individual controlling the corporation.

■ The court properly overruled defendants' demurrer to the complaint and heard plaintiff's evidence. Defendants should have been put to their proofs and, if they succeeded in showing compliance with the statute, providing for taking up and sale of estray hogs, it would defeat plaintiff's action. If, however, they failed to establish all the facts essential to vesting title in the purchaser, they would nevertheless be entitled to credit as against plaintiff's cause of action, to the extent of the damages they sustained by reason of the trespass, together with cost and expense of taking up and keeping the property in the manner provided for by the statute.

The judgment must be reversed and a new trial granted, with instructions to hear plaintiff's evidence and defendants' evidence and, if it should appear that no valid sale was made, then, to off-set the value of the property taken by defendants by the amount of damages sustained and expenses as hereinabove specified. Costs to be equally divided between the parties.

Budge, Givens, Holden, and Miller, JJ., concur.