218 P.2d 342

SOUTHEAST SECURITIES CO. v. CHRISTENSEN et al.

No. 7624.

Supreme Court of Idaho.

May 9, 1950.

F. E. Tydeman and Phillips & Haight. Pocatello, for appellant.

340

P. C. O'Malley, Pocatello, for respondents.

HOLDEN, Chief Justice.

This is an action to recover damages for the wrongful taking and conversion of certain hogs. Complaint was filed April 28, 1944, by the Southeast Securities Company v. Christensen and Palmer. Answer and an affirmative defense were thereafter filed. September 21, 1944, the cause was tried. At the close of plaintiff's evidence defendants moved for judgment of nonsuit. The motion was granted and judgment of dismissal entered. An appeal to this court was taken, Southeast Securities Co. v. Christensen, 66 Idaho 233, 158 P.2d 315, 318, from that judgment. In reversing the judgment we pointed out and directed:

"The Court properly overruled defendants' demurrer to the complaint and heard plaintiff's evidence. Defendants should have been put to their proofs and, if they succeeded in showing compliance with the statute, providing for taking up and sale of estray hogs, it would defeat plaintiff's action. If, however, they failed to establish all the facts essential to vesting title in the purchaser, they would nevertheless be entitled to credit as against plaintiff's cause of action, to the extent of the damages they sustained by reason of the trespass, together with cost and expense of taking up and keeping the property in the manner provided for by the statute.

"The judgment must be reversed and a new trial granted, with instructions to hear plaintiff's evidence and defendants' evidence and, if it should appear that no valid sale was made, then, to off-set the value of the property taken by defendants by the amount of damages sustained and expenses as hereinabove specified."

Pursuant thereto the cause was tried on its merits September 26, 1949, by the court sitting with a jury. September 27th the jury returned the following verdict: "We, the jury, duly empaneled in the above entitled action, find for the defendants and against the plaintiff." On the same day judgment was accordingly entered thereon, from which an appeal was taken to this court.

■ On the trial of the cause testimony concerning an award or report, as well as the so-called award or report (signed only by respondents' arbitrator), was offered and admitted, over appellant's objection, apparently for the purpose of showing the controversy had been determined by arbitration. The admission of the testimony and the arbitration report, is assigned as error. This court held on the former appeal of this case, First Securities Co. v. Christensen, supra: "It is well to here observe that the findings, conclusion and report of *one only* of a board of arbitrators, consisting of two or more members, does not constitute an arbitration and, in the

meaning of the law, is not a compliance therewith unless joined in by a majority of such board."

The so-called report, therefore, was not competent evidence of an arbitration. Hence, it was error to admit it, or any testimony concerning it.

The court also admitted, over appellant's objection, notice of the taking up of the hogs, notices of sale, and levy on the hogs. The admission of these notices is assigned as error. It is contended in support of the assignment the notices did not conform to the requirements of the statute in that they were not signed by the constable of the precinct, or immediately posted in three conspicuous places, nor preceded by arbitration, as provided by statute. Our statute, Idaho Code, in so far as applicable, provides:

"25-2102. Taking up trespassing hogs.— If any hog is found trespassing, the occupant or proprietor of the premises may take up and safely keep, at the expense of the owner thereof, such hog, and hold the same until the payment of the expenses and damages by the owner, and shall be allowed fifty cents per head additional for each animal so taken up."

"25-2103. Taking up hogs—Notice.— Any person taking up a hog under this chapter, must immediately thereafter write out three notices in a plain, legible hand giving a correct description thereof with the marks and brands, if any, on said hog, and the time and place of taking up, and at once post up said notices in a good and substantial manner in three conspicuous places in the precinct in which said hog was taken up."

"25-2104. Taking up hogs—Arbitration of damages.—If the owner and taker-up of such hog can not agree as to the amount of damage, they must each select a disinterested person, residing in the precinct where such trespass has been committed, who must, after first hearing all the facts in the case from both parties interested, fix the amount of damages, if any, to be paid, and the same are a lien upon said hog and other personal property of the owner, not exempt by law, and if said amount is not paid within five days, together with the costs of keeping said hog, the taker-up must notify the constable of the precinct, whose duty it is to levy upon the hog and a sufficient amount of other personal property of the owner not exempt by law, as shall pay all damages and costs, and shall sell at public auction on the premises where the said hog was taken up, after first giving five days' notice of such sale, in the manner prescribed in the last section, and must be applied, first, to the payment of the constable's fees, which are the same as on execution; second, the payment of the award, and subsequent charges for keeping, to the taker-up of such hog, and the remainder, if any, must be paid to the owner of such hog: provided, that either party feeling aggrieved by the award may appeal to any justice's or probate court within the

county, within five days after said award, and the party so appealing must file a good and sufficient bond for the payment of all costs and expenses arising from said appeal."

As held in Hess v. Udy et al., 55 Utah 248, 185 P. 367: "The doctrine is well established, if not elementary, that laws providing for the restraint, sale, or disposal of animals for trespass and damage must be strictly followed."

This court held on the former appeal, as above pointed out, that an arbitration agreement, signed by only one arbitrator, is not a compliance with the statute, and does not constitute an arbitration. And that holding thereby became and is the law of this case.

With that in mind we turn to the record. It shows the hogs were taken up on or about March 25, 1944, and notice thereof posted in three conspicuous places April 1, 1944. It further appears that on the 26th day of April, 1944, respondent, in writing, requested the sheriff to, and the sheriff did, levy on and sell the hogs.

Section 25-2104, supra, it will be observed, provides, in substance and so far as pertinent, that where the owner and taker-up cannot agree as to the amount of damage, as in the case at bar, then they must each select a disinterested person who must, after hearing all the facts, fix the damages, and the amount fixed becomes a lien on the hogs and if not paid within five days, together with the costs of keeping the hogs, the taker-up must notify the constable (here the sheriff was notified) of the precinct, whose duty it is to levy on the hogs and sell the same at public auction on the premises where taken up, after first giving five days notice of the sale, in the manner prescribed by sec. 25-2103, supra. As hereinbefore stated, only one arbitrator signed the invalid report, from which it follows that the notices given, on the assumption the damages had been determined by legal arbitration, were likewise incompetent. For these reasons it was error to admit the notices of sale in evidence.

It is also complained the court erred in giving instruction No. 17, which reads as follows: "You are instructed that if you find from the evidence that the taking up, impounding, keeping and sale of said hogs by the defendants were in all material or in substantial respects in conformity with the provisions of the statutes which have been read to you in these instructions, then your verdict will be for the defendants and against the plaintiff."

It was error to give that instruction in "that laws providing for the restraint, sale, or disposal of animals for trespass and damage must be strictly followed." Hess. v. Udy et al., supra.

And it was error to admit the record of an action in the probate court of Bannock county between the same parties, in that such action, even though pending,

is not a bar to an action for conversion of the hogs as held in Southeast Securities Co. v. Christensen, supra, 66 Idaho at page 240, 158 P.2d 315, which thereby became and is the law of the case.

Judgment reversed and cause remanded with directions to grant a new trial. Costs awarded to appellant.

GIVENS, PORTER and KEETON, JJ., and BAKER, D. J., concur.