I. E. MILLS v. THOMAS FORTUNE.

Opinion filed October 17, 1905.

**One Claiming a Lien Upon an Estray Must Show Strict Compliance With the Statute.**

1. One who claims a lien upon an animal as an estray must show a full and strict compliance with every requirement of the statute under which the lien is claimed.

**Same — Failure Forfeits Lien.**

2. If the person taking up an estray fails to observe all the requirements of the estray law, he is in the position of a mere trespasser, and can claim no lien for compensation.

**Same — The Vicinity of Residence.**

3. An estray can be taken up as such only when found in the vicinity of the residence of the person taking it up.

**Same — Appraisement — When Made.**

4. The demand for appraisement required by section 1578, Rev. Codes 1899, must be made within a reasonable time after the estray is taken up.

**Same — Proof of Ownership.**

5. The person taking up an estray has no right to demand more proof of ownership on the part of the claimant than that prescribed by section 1575, Rev. Codes 1899.

**Same — Statutory Proof of Ownership.**

6. If the person holding an estray refuses to surrender the estray unless the claimant furnishes other evidence of ownership than that prescribed by section 1575, Rev. Codes 1899, such denial of the claimant's right works a forfeiture of the estray lien, if the claimant is in fact the owner.

**Same — Sufficiency of Evidence to Sustain Verdict.**

7. Evidence examined, and *held* insufficient to justify a verdict, which found that the defendant was entitled to the possession of a horse as an estray.

Appeal from District Court, Burleigh county; *Glaspell*, J.

Action by I. E. Mills against Thomas Fortune. Judgment for defendant, and plaintiff appeals.

Reversed.

*Newton & Dullam,* for appellant.

The procedure in taking up estrays is ex parte and in invitum and the statutory requirements must be strictly pursued. If defendant was not qualified to take up the estray when he did, or failed in pursuing the statutory requirements, he was a trespasser. Section 1576, Rev. Codes 1899; James v. Fowler, 90 Ind. 563; Bucher v. Wagoner, 14 N. W. 160; Weber v. Hartman, 7 Col. 13; Dierks v. Weilage, 24 N. W. 728.

Defendant took up the estray wrongfully, as it does not appear that he was a householder in the county, and is presumed not to be. Weber v. Hartman, supra; Shepard v. Hawley, 4 Ore. 206; Newton v. Hart, 14 Mich. 233.

The verdict cannot be sustained because nothing shows that defendant ever sought to have the horse appraised. Section 1577, Rev. Codes 1899. And because he failed to make the affidavit before a justice as provided in section 1575, Rev. Codes 1899; and, further, because the description of the horse and brands in the notice was insufficient. Section 1572, Rev. Codes 1899.

Defendant's conduct was so remiss that he lost whatever lien he may have had. Bucher v. Wagoner, 14 N. W. 160; McGrossin v. Davis, 100 Ala. 631; Harryman v. Titus, 3 Mo. 302; Haffner v. Barnard, 123 Ind. 429; Davis v. Calvert; 17 Ark. 85.

Estray proceedings are stricti juris and claimant of title thereunder must show strict compliance with the statute. Dillard v. Webb, 55 Ala. 468; Cory v. Dennis, 93 Ala. 440; Stewart v. Hunter, 16 Ore. 62; Fort Smith v. Dodson, 57 Ark. 447; 2 Am. & Eng. Enc. Law (2d Ed.) 378; 2 Cyc. L. & Pr. 360-363.

*F. H. Register,* for respondent.

Defendant was qualified to take up an estray. He was a householder and resident of Burleigh county, N. D. Section 1571, Rev. Codes 1899. The estray was taken up in the vicinity of plaintiff's place, trespassing upon his leased land. Section 1571, supra. On substantial compliance, the proceedings regarding estrays will be liberally construed. Dierks v. Weilage, 24 N. W. 728; Bucher v. Wagoner, 14 N. D. 160.

In claim and delivery, possession, not right of property, is the issue, and plaintiff must show exclusive possession in himself as against the defendant. 20 Am. & Eng. Enc. Law (1st Ed.) 1050.

The burden of proof lies on the plaintiff to do this. Hamilton v. Iowa Nat. Bank, 40 Iowa, 307; Cartside v. Nixon, 43 Mo. 138; Mathias v. Sellers, 86 Pa. St. 466; Harwood v. Suet, Hurst, 29 N. J. L. 195.

A householder is a head of a family; a person who occupies a house and has charge of and provides for a family. 15 Am. & Eng Enc. Law (2d Ed.) 774; Katzenberg v. Lehman, 80 Ala. 514; Griffin v. Sutherland, 14 Barb. 456.

ENGERUD, J. This is an action of replevin for a horse of which plaintiff is admitted to be the owner. The plaintiff claims that he took and retains possession of the horse as an estray, and has a lien on the animal to the extent of $25, which he asserts is a reasonable charge for the trouble and expense of keeping it. There was a trial before a jury, and a verdict for defendant. A motion for a new trial was denied, and plaintiff appeals from the judgment. Besides specifying numerous errors of law, the appellant also, by proper specifications, challenges the sufficiency of the evidence to justify the verdict.

It is conceded that plaintiff is the owner of the horse, and that defendant refused to comply with plaintiff's demand for possession. The burden, therefore, was upon defendant to establish his alleged right to possession of the horse as an estray. Examination of the evidence convinces us that the defendant failed to establish his right to possession. The following facts are undisputed, and are established by the defendant's own testimony: The defendant found the horse in question, with another stray horse, trespassing upon a tract of pasture land of which he was lessee, about two miles from his residence in Bismarck, during the summer or fall of 1903. The strays broke into the pasture and mingled with several head of horses belonging to defendant. In September, 1903, defendant brought the horses from the pasture to his barn in town, and the strays accompanied the bunch. It is not clear from the testimony whether defendant took up the strays at the pasture, and drove them with his own horses to town, or whether they followed his horses to town, and he then took them up as estrays. He thereupon advertised the estrays, and we think the advertisement was sufficient. On April 15, 1904, the plaintiff appeared and

claimed the horses. One horse was surrendered to him on payment of $25. The defendant refused to surrender the horse in question because, as he claimed, the plaintiff had failed to establish ownership to his (defendant's) satisfaction. The plaintiff, before seeing the horse, had stated that if the stray belonged to him, he would be branded —| in one place, and 2V in another. The horse, when examined, corresponded in all other respects with the description plaintiff had given, but the 2V brand could not then be found. Defendant thereupon absolutely and peremptorily refused to recognize plaintiff as owner, and declined all further talk with him on the subject. Plaintiff tendered $10 in payment of charges, and defendant declined to accept it. There is no evidence that the defendant ever applied to have the property appraised. The plaintiff testified that when the defendant expressed doubts as to the former's ownership of the animal, he (plaintiff) offered to go before a justice and make the required affidavit of ownership and appoint arbitrators to settle the amount of the lien, but the defendant refused to accompany him; whereupon he went to the justice alone, and made the affidavit, and showed it to defendant, who still declined to recognize plaintiff's ownership. The defendant flatly denies this, but admits that he never suggested any affidavit of ownership or arbitration, but peremptorily refused to consider plaintiff's claim of ownership, unless the 2V brand could be found. Shortly afterwards, but after the commencement of the action, the 2V brand was discovered by defendant himself, but he did not then offer to arbitrate the amount of his lien or in his answer admit plaintiff's ownership. The court instructed the jury that the only disputed proposition upon which the right to possession depended was whether the $10 tendered was sufficient in amount to satisfy and discharge the lien. The trial court held, as a matter of law, that the lien was established. The instructions were duly excepted to.

It is well settled that a person who claims a lien upon an animal for having taken it up as an estray must show a full and strict compliance with every requirement of the statute creating such a lien. McCrossin v. Davis, 100 Ala. 631, 13 South, 607; Stewart v. Hunter, 16 Ore. 62, 16 Pac. 876, 8 Am. St. Rep. 267, and see note to report of this case in 8 Am. St. Rep. 271 et seq. If he fails to do so, he is in the position of a mere trespasser ab initio. Weber v. Hartman, 7 Col. 13, 1 Pac. 230, 49 Am. Rep. 339. The law relating to estrays is found in sections 1571-1584, Rev. Codes 1899. It

was incumbent on the defendant to allege and prove that he was a resident and householder in Burleigh county, that he found and took up the estray in the vicinity of his place of residence, that he advertised the same properly, that he caused the same to be appraised. The answer alleges that he took up the estray on the leased land, and the evidence discloses that that land is two miles from defendant's residence in Bismarck. It is needless to say that a place two miles out in the country is not "in the vicinity of" defendant's residence in town. Assuming that in the absence of objections for variance, evidence was admissible to show that the animals were straying in the vicinity of the residence and there taken up, the evidence on that subject is so ambiguous that it is impossible to know where the animal was taken up. Section 1578 requires the person taking up an estray to notify the board of county commissioners to appraise or appoint a person to appraise the estray. No time is fixed for such notice. By other sections of the estray law, it is provided that if the value of the estray is not over $50, the person taking it up becomes the owner thereof after one year, if no claim is made to it within that time. If the estray is appraised for more than $50, and remains unclaimed for a year, it must be sold to satisfy the charges against it; and provision is made for disposition of the proceeds if they exceed the amount of the lien.

Respondent contends that because the statute does not fix the time within which the demand for appraisement shall be presented, therefore, such demand may be made at any time within the year. We are unable to accept that view of the statute. The value of an estray may very materially decrease during a year, and if the disposition of the estray were to depend upon its value at the end of the year, it would be to the interest of the keeper that it should decrease to $50, or less. We have no hesitation in saying that the statute contemplates an appraisement as soon after the taking as it can conveniently be done, and that it requires that the person taking up the estray shall notify the board of county commissioners within a reasonable time. In this case the estray was kept at the county seat, and it was clearly incumbent on the defendant to notify the board at the first meeting after the taking. We further hold that defendant had no right to demand further proof of ownership than that prescribed by section 1575; and by so doing, he lost all right he otherwise might have had to a lien. It is true that the statute says that the person taking up the estray

and the claimant "may go before a justice." The use of the word "may," however, is not decisive of the meaning of the section, and the word "may" will be construed to mean "shall" when the context or purposes of the statute require it. It is plain that it was the object of this section to provide a convenient and speedy method of proving ownership, and at the same time protect the person holding the estray from liability for an erroneous decision as to ownership. The affidavit of ownership filed with the justice was a complete authority to surrender the estray to the claimant. If the defendant demanded more proof than that provided by statute, he did so at the peril of his lien if the claimant was in fact the owner. It is plainly the intent of section 1575 that, as between the holder of the estray and claimant, the ownership shall be sufficiently evidenced by the prescribed affidavit, and that the amount of the lien, if disputed, shall be settled by arbitration. We think it was the intent of the law that these speedy and inexpensive methods of determining the rights of the parties should be obligatory upon them.

The position taken by the defendant was that he would not, under any circumstances, acknowledge plaintiff's rights, unless evidence satisfactory to his mind was produced. The only acceptable evidence, apparently, was the 2V brand. If defendant entertained doubts of the ownership, it was his duty to demand and his right to be shown the evidence which the statute says shall be sufficient. That was the extent of his duty and right, and if he arbitrarily assumed to fix a different kind and quality of evidence, he forfeited his lien if the claimant was the true owner, and it is now conceded he was. Consequently whether the plaintiff did or did not formally offer to make the affidavit was immaterial, because the offer to do so would have been unavailing.

The judgment is reversed, and a new trial ordered. All concur.