# J. K. LAPORTE, Appellant, v. J. L. VAN BUSKIRK, Respondent.

## (217 N. W. 173.)

**Animals — estray statute — verdict for defendant sustained by evidence.**

1. In an action for damages for the conversion of certain horses where the defendant justified his refusal to return them over to the plaintiff owner when demanded on the ground that he held them under a claim of lien under the estray statute, §§ 2667, Comp. Laws 1913, et seq., the record is examined and *held*, for reasons stated in the opinion, that the evidence is sufficient to sustain the jury's verdict for the defendant.

**Trial — certain instructions held proper.**

2. Certain instructions of which the plaintiff complains are examined and *held*, for reasons stated in the opinion, that the same were not erroneous.

**Appeal and error — refusal to submit special questions to jury — not considered where no request made.**

3. Where the record fails to show affirmatively a request that special questions be submitted to the jury, an assignment of error predicated on a refusal to submit such questions will not be considered.

**Appeal and error — when plaintiff may not complain that time for amending had expired.**

4. Where after the expiration of the twenty day period provided for by § 7481, Comp. Laws 1913, within which a defendant may amend his answer as a matter of right, the defendant served an amended answer upon the plaintiff's attorney who admitted service thereon without objection, and where upon the trial of the case the only pleadings filed were the complaint, the amended answer, and the reply to the original answer, and no objection was made by the plaintiff to the trial of the issues as made by the pleadings filed, and the case was so tried, it is too late after judgment is entered to complain that the amended answer was served after time and without leave of court.

**Pleading — when too late to complain that counterclaim in answer is not proper.**

5. Where a cause is tried on the issues as made by the pleadings filed without objection on the part of the plaintiff, it is too late after judgment is entered to complain on the ground that a counterclaim set up in the answer is not proper.

**Estrays — estray statute must be complied with strictly.**

6. The estray statute, §§ 2667, Comp. Laws 1913, et seq., is intended to provide a speedy and convenient method for determining the ownership of any estray that may be taken up, and for ascertaining the amount of the charges of the person taking up such estray and claiming a lien thereon, and must be

strictly complied with. But when the owner of an estray that has been taken up pursuant to the statute has notice and appears and demands the animal so taken, the purpose of the statute with respect to notice is satisfied and further statutory steps in that behalf need not be taken.

**Estrays — one claiming lien under estray statute not entitled to deficiency judgment.**

7. The estray statute contemplates that one taking up estrays and claiming a lien thereon under the statute for his damages and costs, must look altogether to the estrays and his lien upon them for the satisfaction of such charges, and if upon a sale thereof on foreclosure of the lien the proceeds of the sale are not sufficient to satisfy such charges, he is not entitled to a deficiency judgment against the owner.

. Opinion filed December 29, 1927.

Animals, 3 C. J. § 275 p. 81 n. 60; § 280 p. 81 n. 75, 76. Appeal and Error, 4 C. J. § 1672 p. 79 n. 52; § 2606 p. 700 n. 39. Pleading, 31 Cyc. p. 728 n. 49. Trial, 38 Cyc. p. 1785 n. 90.

Appeal from the District Court of Ward County, *Lowe,* J.

From a judgment for the defendant the plaintiff appeals.

Modified and affirmed with directions.

*L. J. Palda, Jr., C. E. Brace,* and *Robert W. Palda,* for appellant.

The mere filing of a so-called amendment without any allowance by the judge, or order permitting it to be filed, does not amend the petition. Clark v. Swanson, 144 Ga. 544, 87 S. E. 670.

An amendment may not be made after answer without leave. Petry v. Petry, 142 Ky. 564, 134 S. W. 922.

After a case is at issue, defendant cannot amend as a matter of right, but must secure the permission of the court. Meredith v. Bitter Root Valley Irrig. Co. 49 Mont. 204, 141 Pac. 643.

The defendant is not entitled, as a matter of right, to amend his answer upon the trial so as to set up a new and added defense, and the trial court is only authorized to grant permission to do so when permission would be in furtherance of justice. Ennis v. Fire Ins. Co. 33 N. D. 20, 156 N. W. 234.

In an action for conversion, the defendant cannot counterclaim a right of possession acquired after the alleged conversion, since the counterclaim does not arise out of the transaction which is the foundation of the action. Kain v. Garnaas, 27 N. D. 292, 145 N. W. 825.

"If the act of one person wrongfully invades or infringes upon the right of another, there is undoubtedly a transaction, though the injured party be not physically present. He may, in such case, truly be called a participant in the act, because he is represented by his right which is invaded or violated by his adversary's act." McArthur v. Moffett, 143 Wis. 564, 33 L.R.A.(N.S.) 264, 128 N. W. 445.

"When a person does take up an estray he must comply strictly with all the provisions of the statute." Campbell v. Hamilton, 42 N. D. 216, 172 N. W. 810.

"Laws of this kind are construed strictly against the party claiming the benefit thereof, and he must follow their provisions closely, or lose benefit therefrom." Hoffner v. Bainard, 123 Ind. 429, 24 N. E. 152.

*F. B. Lambert,* for respondent.

"Where animals are taken damage feasant, personal notice thereof given by a third person, but as coming from the impounder, is sufficient." Moore v. Robbins, 7 Vt. 363; Hooper v. Kittredge, 16 Vt. 677.

"Where a horse is taken damage feasant and within twenty-four hours the owner demands possession of the horse but refuses to pay for his taking up, such owner waives the formality of a statutory notice and cannot maintain trover for the original impounding and refusal to deliver." Norton v. Rocky, 46 Mich. 460, 9 N. W. 492.

A "true description" of the property, means such a description as would enable a party familiar with the locality to identify the premises. De Witt v. Smith, 63 Mo. 263.

"True," "just," "fair," "honest" etc., have always been construed to mean practically the same thing. Fair Haven Land Co. v. Jordan, 5 Wash. 729, 32 Pac. 729; Black v. Appolonio, 1 Mont. 342.

"True and complete" is held to mean substantially the same as "full, true and correct." Anderson v. Ackerman, 88 Ind. 481.

"An admission of the due service of a notice implies not only that it was properly served but that it was served in time to save the party's legal rights." Harmon v. Van Ness, 67 N. Y. Supp. 516, 56 App. Div. 160.

"The district court is a court of general jurisdiction and where parties to a controversy, the subject matter of which is properly within the jurisdiction of such court, voluntarily adopt a certain mode of pro-

cedure in submitting the controversy for determination, they will not thereafter be heard to say that the procedure adopted was irregular or improper." Trott v. State, 41 N. D. 614, 4 A.L.R. 1372, 171 N. W. 827.

"Acquiescence means to rest apparently satisfied without objection, a silent or passive assent." Farr v. Semmler (S. D.) 123 N. W. 835.

It is not material variance between pleading and proof unless it is affirmatively shown by the appellant that he is misled thereby to his prejudice. Halloran v. Holmes, 13 N. D. 411, 101 N. W. 310.

NUESSLE, J. The plaintiff owned five horses. During the first part of May, 1926, they got out of his pasture and strayed to the defendant's premises where they damaged his hay and grain. The defendant took them up as estrays and advertised them pursuant to the provisions of the estray statute, § 2667, Comp. Laws 1913, et seq. The plaintiff learning that the defendant and the horses went to the defendant's place and demanded them. The defendant told him he had taken them doing damage and asked $50 to pay the damage and cost of keeping the horses and advertising them. The plaintiff said that this was too much, tendered $20 and said he would pay no more. The defendant refused the tender. They quarreled over the matter and defendant ordered plaintiff from the place. Then plaintiff brought this action in conversion to recover the value of the horses. The summons and complaint were served on July 19th. The defendant answering on August 10th admitted that he had the horses and had refused to turn them over to the plaintiff upon demand. He further set up that he had taken the horses as estrays; that he claimed a lien on them under the estray statute for the amount of his damages and his expenses in taking, keeping and advertising them; and prayed for a dismissal of the action. To this answer the plaintiff replied denying the new matters therein set out. Thereafter and on September 10th the defendant served an amended answer upon the plaintiff's attorneys who admitted service thereon and made no objection to the amendment. This amended answer was similar to the original answer excepting that it asked for a foreclosure of the defendant's lien and for a deficiency judgment against the plaintiff in case the proceeds of the sale of the property on foreclosure should not satisfy the defendant's claim.

The case came on for trial before a jury in November. In the meantime defendant had employed other counsel. The pleadings filed at the time of the trial consisted of the complaint, the amended answer, and the reply to the original answer. Neither the court nor counsel for the defendant were aware of the original answer. The sole question submitted to the jury by the court was as to whether the defendant had a lien on the property for damages and costs under the estray law and whether the amount of the defendant's lien claim was greater than the tender of the plaintiff. The jury returned a verdict for the defendant. Thereafter the court made findings of fact and conclusions of law and ordered judgment for the amount of defendant's claim, for the foreclosure of the lien, and for a deficiency judgment in case the property when sold should not realize sufficient to satisfy the judgment. Thereupon the plaintiff moved "that the judgment entered be modified by striking therefrom all affirmative relief thereto granted the defendant" excepting the cost judgment, "or that the plaintiff be granted a new trial of said action." This motion was denied. The instant appeal is from the judgment and from the order denying the plaintiff's motion for a modification or for a new trial. Plaintiff demands a trial de novo in this court of the equitable portion of the cause.

With respect to the conversion action, plaintiff urges as ground for reversal that the defendant, admitting the plaintiff's ownership of the horses, had the burden of establishing his right to hold the horses under a claim of lien for damages and costs by reason of taking them as estrays and that he failed to sustain this burden. In this behalf the plaintiff contends that the evidence is insufficient to establish that the defendant sustained any damage on account of the trespass of the horses. The claim of damages was for hay eaten and destroyed by the horses and for injury done to the defendant's growing field of rye. The horses were taken up by the defendant on the 17th of May. There is evidence tending to establish that for a week or ten days they had been in the neighborhood of defendant's farm and that during a considerable portion of that time they had grazed upon his field of winter rye, which was just shooting to head, and had eaten and destroyed a stack of hay which stood in one of his fields. While the evidence is somewhat uncertain and speculative with respect to the extent of the damage done, yet we think it was sufficient to sustain the finding on the part of the

jury that there was some damage and that the amount of the same, together with the costs attendant on taking up the horses, advertising them and keeping them until plaintiff demanded them, was more than $20.00, the amount which concededly the plaintiff offered to pay. It follows then that there can be no reversal of the judgment on this account.

Plaintiff further urges that the horses were not properly described in the advertisements which the defendant caused to be published pursuant to § 2658, Comp. Laws 1913, as amended, of the estray statute. His contention is that the horses were not truly described by marks and brands and otherwise as required by the statute so as to enable the owner to identify them. On the other hand, the defendant testified that the horses were wild and difficult to approach; that apparently they had ranged out during the winter and their hair was still long and their brands not discernible; that it was impossible to describe them more particularly by marks and brands than they were described. Both sides produced witnesses to sustain their respective contentions. The questions as to whether or not the defendant had reasonably complied with the requirements of the statute and had acted in good faith in advertising the horses were left to the jury. The jury by their verdict found for the defendant. The evidence is sufficient to sustain this finding and it is conclusive upon the plaintiff on this appeal.

Plaintiff also predicates error on account of the instructions given by the court to the jury. In one paragraph of the instructions the court advised the jury that the only question for them to pass upon was as to whether the defendant had acted in good faith in taking up the horses and advertising them under the estray statute. The plaintiff contends that good faith alone does not satisfy the statute. This is true. But though the court did not in this particular paragraph of the instructions tell the jury that the defendant must describe the horses in the published notice according to the terms of the statute and otherwise comply with it, yet in another paragraph the court did instruct as to what the requirements of this statute were and that the defendant was required to reasonably comply with it. So we think, taking the whole charge together, that the jury could not but understand the requirements of the law with respect to the taking up and advertising of estrays, and that the

question for them to determine was as to whether the defendant had in good faith reasonably complied with these requirements.

The plaintiff further insists that there was error on the part of the trial court in refusing to submit certain special questions to the jury for determination as requested by the plaintiff. The statement of the case fails to show any request on the part of the plaintiff. The judgment roll otherwise discloses no evidence of any such request. We therefore cannot consider this specification.

The record fails to disclose any reversible error in the trial of the conversion action.

As heretofore stated the trial court, after the jury had returned its verdict for the defendant in the conversion action, made findings of fact based upon the evidence theretofore introduced and ordered judgment for the defendant for the amount of damages and expenses as found; that the defendant have a lien upon the horses for such amount so found to be due; that the lien be foreclosed and the horses sold; and that the defendant have judgment against the plaintiff for any deficiency resulting.

The plaintiff now insists that the issues as framed by the pleadings did not warrant any such action on the part of the trial court respecting the claim of lien for the reason that the amended answer was not properly in the case; that the amended answer was served after time and without leave of court. It seems to us that there is no basis for this contention on the part of the plaintiff. It is true that the amended answer was served some thirty days after the service of the original answer and that the defendant could not as of right amend at that time. See § 7481, Comp. Laws 1913. But the plaintiff admitted due service upon the amended answer. No objection was raised to the amendment at the time the answer was served or at any time until after judgment was finally entered. When the case was tried the only pleadings filed were the complaint, the amended answer, and the reply to the original answer. Neither the court nor counsel who tried the case for the defendant knew anything of the original answer. It was not called to their attention by the plaintiff. Both the court and the defendant's counsel tried the case upon the theory that the pleadings as filed made the issues for trial. The plaintiff at no time said anything to apprise them to the contrary or that he had any objection to the cause being so tried.

Under these circumstances the plaintiff cannot now complain that the amended answer was not properly in the case. Plaintiff also urges, now for the first time, that defendant could not properly ask for a foreclosure of any lien he might have had by way of counterclaim, where the plaintiff sued for a conversion. What we have said above respecting plaintiff's objection to the amended answer likewise applies here. Though there be merit to his point, and we do not pass upon this, it is now too late to raise it.

Plaintiff further insists that under the defendant's theory of claim of lien the court had and could acquire no jurisdiction to foreclose the lien; that the estray statute defines the lien and prescribes the manner in which the property liened shall be sold in satisfaction thereof; that it is the purpose of the statute that the amount of the lien claim if disputed shall be settled by arbitration and that the award of the arbitrators shall be final.

We think it plain that the purpose of the statute is to provide a speedy and convenient method for determining the ownership of any estray that may be taken up and for determining the amount of the charges of the person taking up such estray and claiming a lien thereon. One claiming such a lien must follow and strictly comply with every requirement of the statute and if he fails to do so has no lien. Mills v. Fortune, 14 N. D. 460, 105 N. W. 235. In the instant case so far as the record shows, there had been a compliance with the statute up to the time the plaintiff, the owner, appeared and demanded the horses. The requirements of the statute are thus fixed so as to give notice to the owners of stock taken up as estrays. When an owner has notice and appears and demands the animals so taken and held, the purpose of the statute in this respect is satisfied and it is no longer necessary that further steps to give notice be taken. In the instant case the claim of lien on the part of the defendant was challenged by the plaintiff solely on the ground that the stock had not been properly advertised. So far as the failure to properly describe the animals is concerned, that issue was determined by the jury adversely to the plaintiff, and the court found to the same effect. As to the matter of proof of compliance with the statute respecting the mailing of a copy of the advertised notice and the subsequent filing of proof of publication and mailing with the county auditor, those steps were rendered unnecessary

by reason of the appearance and demand of the plaintiff, the owner of the stock. So we think the trial court was warranted in holding that the defendant had a valid lien on the horses. We are also of the opinion that under the circumstances of this case the plaintiff cannot now challenge the jurisdiction of the trial court. It does not appear from the record that any question was raised prior to the time of entry of judgment as to the propriety of the court's action in assuming jurisdiction to determine the amount of the lien claim and foreclose the lien. Apparently the plaintiff acquiesced in the court's assumption of jurisdiction over these controverted matters and he cannot now be heard to say that the court had no jurisdiction.

Lastly, the plaintiff contends that, in any event, the defendant was not entitled to a deficiency judgment. The defendant's whole claim of lien, as disclosed by both the original and the amended answer and his contentions throughout the record, was based upon the estray statute, §§ 2657, et seq. His claim for damages was not grounded on § 7375, subdivision 3, Comp. Laws 1913, nor on §§ 8500–8506, inclusive, Comp. Laws 1913. So his claim and remedy are limited and defined by the estray statute. Under this statute any person taking up estrays may charge for actual time employed and damage done to his crops or premises and for his actual cost of feeding and caring for such estrays. See § 2662. But the statute clearly contemplates that he must look altogether to the animals taken up by him and his lien upon them for the satisfaction of these charges. There is nowhere in the statute any basis for a claim other than that which will be satisfied through his lien upon the offending animals.

So, in the instant case, no judgment could properly be ordered against the plaintiff under the defendant's theory of the case for any deficiency that might remain on account of his proper charges after the sale of the animals on foreclosure and the application of the proceeds of such sale. In this respect, therefore, the judgment as entered was erroneous, and to this extent the judgment of the trial court must be reversed. The case will therefore be remanded with directions that the judgment as entered be modified in accordance with this opinion in so far as it applies to the foreclosure of the defendant's lien and the deficiency judgment, and that judgment be entered for the defend-

ant for the costs of the conversion action in the district court. No costs will be awarded to either party in this court.

BIRDZELL, Ch. J., and CHRISTIANSON, BURKE, and BURR, JJ., concur.